## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| **LOIS BREECH,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:15-cv-00346 |
| | : | |
| **v.** | : | Judge Michael R. Barrett |
| | : | |
| **LIBERTY MUTUAL INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO TRANSFER DIVISION

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), incorrectly named in the Complaint as Liberty Mutual Insurance Company, by and through counsel, and pursuant to 28 U.S.C. § 1404(b), hereby submits this Motion to Transfer Division and requests that this Court transfer this case to the United States District Court for the Southern District of Ohio, Eastern Division. The grounds in support of this Motion are set forth in the attached Memorandum in Support.

Respectfully submitted,

*/s/ William M. Harter*
William M. Harter (0072874)
Katherine M. Klingelhafer (0084901)
Erin E. Orndorff (0091039)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (Fax) (614) 464-1737
wharter@fbtlaw.com
kklingelhafer@fbtlaw.com
eorndorff@fbtlaw.com
*Attorneys for Defendant*

<u>**MEMORANDUM IN SUPPORT**</u>

## I. Introduction

Plaintiff Lois Breech ("Plaintiff") filed suit against Liberty Mutual on April 22, 2015 in the Court of Common Pleas, Hamilton County, Ohio. Plaintiff's suit alleges breach of contract and bad faith. The Complaint claims that Plaintiff suffered wind and rain damage to her home in April, 2014 while insured under a Liberty Mutual homeowner's policy of insurance. (Compl. ¶ 4). Importantly, ***both Plaintiff and the home in question are in Gallia County, Ohio***.

Liberty Mutual timely removed Plaintiff's suit to this Court. Liberty Mutual now seeks to have this matter transferred to the United States District Court for the Southern District of Ohio, Eastern Division for the convenience of the parties and witnesses and in the interest of justice.

## II. Law and Argument

Because this case was removed from the Common Pleas Court of Hamilton County, venue is proper in this forum and the issue of transfer to the Southern District of Ohio, Eastern Division, must be resolved under 28 U.S.C. § 1404(b). Section 1404(b) governs intra-district civil transfers. Under 28 U.S.C. § 1404(b), "[u]pon motion ... any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from one division in which pending to any other division in the same district." Such transfers are "subject to the same analysis as under § 1404(a) but [...] judged by a less rigorous standard." *Hanning v. New England Mut. Life Ins. Co.,* 710 F.Supp. 213, 215 (S.D.Ohio 1989). *Johnson v. Burlington-Northern, Inc.*, 480 F.Supp. 259, 260 (W.D.Mo.1979) (holding that "[d]iscretionary transfers within a district, however, are subject to fewer guidelines.").

An intra-district transfer under Section 1404(b) utilizes the same analysis as Section 1404(a) which permits district courts to transfer venue to another court more suited to the

convenience of witnesses and the needs of justice.  *See* 28 U.S.C. § 1404 commentary on 1996 amendments; *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 n. 3 (7th Cir.1986). According to the statute:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  The burden of proof is on the moving party to demonstrate why a transfer should be granted. *See Nicol v. Koscinski,* 188 F.2d 537 (6th Cir.1951).

### A.  The District Court for the Southern District of Ohio, Eastern Division is a division where this action "might have been brought."

Under 28 U.S.C. § 1404(a), an action in a district court where both personal jurisdiction and venue are proper may be transferred to another "district or division where it might have been brought." *Martin v. Stokes,* 623 F.2d 469, 474 (6th Cir.1980). Section 1404(b) also requires this threshold analysis of jurisdiction and venue.  *Hanning*, 710 F.Supp. at 214.  Therefore, this action may be transferred to the Eastern Division of this District "if (1) the court has jurisdiction over the subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to process issuing out of the transferee court."  *Neff Athletic Lettering Co. v. Walters,* 524 F.Supp. 268, 271 (S.D.Ohio 1981).

In this case, the District Court for the Southern District of Ohio unquestionably has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §1332(a)(1).  Complete diversity exists between Plaintiff and Liberty Mutual.  Plaintiff is domiciled in Gallipolis, Gallia County, Ohio, and for purposes of citizenship, was and is a citizen of Gallia County. (Compl. ¶ 1).  Gallia County is served in this District, albeit in the Eastern Division.  Liberty Mutual is a company organized under the laws of the state of Massachusetts with its principal place of

business at 175 Berkeley Street, Boston, Massachusetts, 02116. (Removal Petition ¶ 3(a)). Contrary to Plaintiff's Complaint, Liberty Mutual is not domiciled in Hamilton County, Ohio, a county served in this District at the Western Division with its seat of court at Cincinnati. In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists among the parties. (*Id.* ¶ 3(b)).

Additionally, venue is proper in the District Court for the Southern District of Ohio, Eastern Division, under the general venue statute, 28 U.S.C. § 1391(b)(2), because "a substantial part of the events or omissions giving rise to the claim" arose there. In this action, both Plaintiff and Plaintiff's home are located in Gallia County and the alleged wind and rain damage to her roof occurred in Gallia County. (Compl. ¶ 4-5). Consequently, all events that gave rise to Plaintiff's claim occurred in Gallia County. Venue is therefore proper in the United States District Court for the Southern District of Ohio, Eastern Division.

> **B. The "convenience of the parties" and the "interest of justice" favors transfer of division to the United States District Court for the Southern District of Ohio, Eastern Division.**

In addition to the initial analysis above, an intra-district transfer should serve "the convenience of parties and witnesses" and "the interest of justice." *See* 28 U.S.C. § 1404(a). The factors to be considered in making this determination are similar to those weighed by the courts in determining *forum non conveniens* motions; however, transfers may be granted "upon a lesser showing of inconvenience." *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). In making the determination of whether the "convenience of the parties" and the "interest of justice" favors transfer, the Supreme Court has established standards for evaluating these private and public interests. The litigants' interests (i.e., the private interests) include:

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258, 70 L.Ed.2d 419, (1981), *quoting Gulf Oil v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Public interests include "[d]ocket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law." *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839, 91 L.Ed. 1055.

The balance of convenience, considering all the relevant factors, "should be strongly in favor of a transfer before such will be granted." *First Bank of Marietta v. Bright Banc Savings Assoc.,* 711 F.Supp. 893, 896–97 (S.D.Ohio 1988). The decision of whether to grant a change of venue, however, ultimately lies within the sound discretion of the district court. *Hanning*, 710 F.Supp. at 215.

Here, an evaluation of the foregoing factors weighs decisively in favor of transfer to the Southern District of Ohio, Eastern Division.

### 1. Interests of the Litigants

#### a) Plaintiff's Choice of Venue

A plaintiff's choice of forum is generally entitled to substantial weight. "However, several courts have indicated that if the plaintiff chooses a forum that is not his residence, this choice is given less consideration." *Kay v. Natl. City Mortg. Co.*, 494 F.Supp.2d 845, 850 (S.D.Ohio 2007). *See, e.g., Lindley v. Caterpillar, Inc.,* 93 F.Supp.2d 615, 617 (E.D.Pa.2000) ("when the plaintiff does not live or work in [the chosen] jurisdiction, the significance of this

preference is minimized"); *Hanley v. Omarc, Inc.,* 6 F.Supp.2d 770 (N.D.Ill.1998); *Tranor v. Brown,* 913 F.Supp. 388, 391 (E.D.Pa.1996); *Verosol B.V. v. Hunter Douglas, Inc.,* 806 F.Supp. 582, 592 (E.D.Va.1992); *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.,* 138 F.R.D. 89, (N.D.Ohio 1991) (weight given to plaintiff's choice of forum diminished because acts occurred outside the forum but additional weight accorded because plaintiff was headquartered in Ohio), *aff'd* 22 F.3d 1104, 1994 WL 84735 (Fed.Cir.1994).  Furthermore, plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court. *Sky Technologies Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 292 (S.D.Ohio 2000).

In this case, Plaintiff chose to bring suit in state court in a forum in which she does not reside and, for the reasons detailed below, in a forum apparently lacking any significant connection to the underlying claim.  Therefore, not only does Plaintiff's choice of forum receive little weight in this case, Plaintiff's residence in Gallia County actually favors transfer of this case to the Eastern Division as the Eastern Division typically includes Gallia County and would be closer for the Plaintiff than the Western Division.

### b)  Access to Proof and Witnesses

In addition to Plaintiff's choice of venue, other factors bearing on the litigants' interest in the venue include the possibility of a view of the premises, the relative access to proof and the availability of compulsory process for unwilling witnesses, as well as the cost of obtaining willing witnesses. *Piper Aircraft,* 454 U.S. at 241 n. 6, 102 S.Ct. at 258, *quoting Gulf Oil v. Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843 n. 6. "The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer." *Midwest Motor*

*Supply Co. v. Kimball*, 761 F.Supp. 1316, 1319 (S.D.Ohio 1991), *citing Houk v. Kimberly-Clark Corp.,* 613 F.Supp. 923, 928 (W.D.Mo.1985).

As described in the Complaint, this action arises from an incident that occurred on April 27, 2014 at Plaintiff's home located in Gallia County, Ohio. Gallia County is located in the Southern District of Ohio, Eastern Division. The consequences of Liberty Mutual's alleged actions (or inactions) which gave rise to Plaintiff's Complaint all occurred at the home. Thus, the ability to view the premises, the locus of operative facts and all access to proof falls squarely in the proposed transferee division.

Not only is the access to proof within the Southern District of Ohio, Eastern Division, but this forum will be more convenient for Plaintiff, because it is the forum in which she actually resides.  Most important, because the access to proof is located in Gallia County, the convenience of the witnesses will likely also be served by a transfer to the Southern District of Ohio, Eastern Division. Although the case is still in its early stages, having recently been removed, it is reasonable to expect that many of the integral fact witnesses will be located near or around Gallia County, Ohio. Both parties will likely be interested in the testimony of contractors or other parties who witnessed the alleged damage to the home.  Although it is possible that some of these individuals will reside outside the Eastern Division, the majority of witnesses will likely find the Southern District of Ohio, Eastern Division a more convenient forum for trial.

### c)  Other Practical Problems

The final factors to consider fall under the heading of "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft,* 454 U.S. at 241 n. 6, 102 S.Ct. at 258.

Here, it is undisputed that the Plaintiff resides in the Southern District of Ohio, Eastern Division.  In addition, the alleged actions by Liberty Mutual took place at Plaintiff's home in the Southern District of Ohio, Eastern Division.  As a result, many of the potential witnesses in this case also likely reside in or near the Southern District of Ohio, Eastern Division.  Thus, trial of this case would be far more easy, expeditious, and inexpensive if it was held in the Eastern Division.  Where, as here, the forum selected by Plaintiff has at best a tenuous connection to the parties or the subject matter of the lawsuit, the above factors warrant transferring divisions to a forum that has much more significant and meaningful contact with the witnesses and proof of this litigation.  As evidenced by above, the litigants' interests favor transfer to the Eastern Division.

## 2. Interests of the Public

The public interest to be considered in deciding a motion to transfer venue includes "[d]ocket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law." *Jamhour v. Scottsdale Ins. Co.,* 211 F.Supp.2d 941, 945 (S.D.Ohio 2002).

As noted supra, this division's only relation to the cause of action is that Plaintiff originally filed her Complaint in state court in Hamilton County.  On the other hand, Plaintiff and all potential witnesses are residents of Gallia County.  Further, the home at issue in this matter is in Gallia County.  Accordingly, there is no relationship between this litigation and this division.

Further, this case arises under this Court's diversity jurisdiction.  Thus, Ohio law, absent any forthcoming dispute to the contrary, will govern this litigation.  The Eastern Division of the

Southern District of Ohio is equally familiar with, and capable of applying, the laws of Ohio to the present action. Transferring this case to the Eastern Division of the Southern District of Ohio will not prejudice Plaintiff's ability to try her case in a forum familiar with the governing law. For all of the foregoing reasons, the public interests also weigh in favor of transferring this case to the Eastern Division.

Plaintiff has chosen to sue in Hamilton County, which has no material connection to this case. Plaintiff's choice of forum merits only nominal deference. Liberty Mutual has shown that all of the statutory factors weigh in favor of transfer. Most significantly, the Eastern Division is Plaintiff's home forum, and all of her evidence and potential witnesses are located there. When all the factors are balanced, the convenience of the parties and witnesses, and the interests of justice, will be served by transferring this case to the Eastern Division.

## CONCLUSION

WHEREFORE, Defendant Liberty Mutual Fire Insurance Company respectfully requests that this Court transfer division from this Court to the United States District Court for the Southern District of Ohio, Eastern Division, and for all other appropriate relief.

Respectfully submitted,

_/s/ William M. Harter_
William M. Harter (0072874)
Katherine M. Klingelhafer (0084901)
Erin E. Orndorff (0091039)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (Fax) (614) 464-1737
wharter@fbtlaw.com
kklingelhafer@fbtlaw.com
eorndorff@fbtlaw.com
*Attorneys for Defendant*

9

<u>**CERTIFICATE OF SERVICE**</u>

A true and accurate copy of the foregoing has been served on all parties via their counsel of record through the Court's ECF system this 4th day of June, 2015.  For any counsel not registered to receive filings electronically, a copy of the foregoing will be sent via regular U.S. Mail, postage pre-paid.

*/s/ William M. Harter*
William M. Harter (0072874)
FROST BROWN TODD LLC

0000T69.0626721  4839-3966-8260v1

10