UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LOIS BREECH**, | : | Case No. 1:15-cv-346 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| **LIBERTY MUTUAL INSURANCE COMPANY**, | : | |
| | : | |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court on Defendant Liberty Mutual Fire Insurance Company's Motion to Transfer Division. (Doc. 7).[1]  Plaintiff Lois Breech has filed a response in opposition (Doc. 9), and Defendant has filed a reply (Doc. 13).

**I.    OVERVIEW**

On April 22, 2015, this insurance dispute was filed in the Hamilton County Court of Common Pleas by Charles Lusher on behalf of his grandmother, Plaintiff Lois Breech, for whom he holds Power of Attorney.  (Doc. 4, PageId 19).  Breech owns the property located at 2167 State Route 141 in Gallipolis, Ohio ("the Property") and has a homeowner's insurance policy through Defendant Liberty Mutual Fire Insurance ("Defendant").  (Id., PageId 19-20).  Breech and Lusher, however, both currently live in Huntington, West Virginia.  (Doc. 9-1, PageId 49).

In the Complaint, Plaintiff alleges that the roof of the Property was damaged as a result of wind/rain.  (Doc. 4, PageId 20).  She alleges that she made a claim for coverage to Defendant, which Defendant denied on the basis that there was no wind damage to the Property's roof.  (Id., PageId 19-20).  Defendant, however, provided a payment for damages alleged to have been caused by negligent tarping of the roof.  (Id., PageId 20).  Plaintiff claims that Defendant knew

---

[1] Defendant indicates that it was improperly named in the Complaint as "Liberty Mutual Insurance Company" and that it is properly identified as "Liberty Mutual Fire Insurance Company."  (Doc. 7, PageId 30).

or should have known that it was not justified in denying coverage based on wind/rain damage and that payment was inadequate to cover all of the damage suffered as a result of the wind/rain damage. (Id.)  She asserts two claims for relief: (1) breach of contract and (2) bad faith. (Id., PageId 21-22).  This case was removed from the Hamilton County Court of Common Pleas on May 26, 2015.  (Doc. 1).

## II. STANDARD

Defendant moves to transfer the case pursuant to 28 U.S.C. § 1404(b) from the United States District Court for the Southern District of Ohio, Western Division ("Western Division") to the United States District Court for the Southern District of Ohio, Eastern Division ("Eastern Division").  Under § 1404(b), a district court is authorized to transfer a civil action properly venued in one district to another district or division.

> Upon motion, consent, or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C. § 1404(b).  Intradistrict transfers pursuant to § 1404(b) "are discretionary transfers subject to the same analysis as under § 1404(a) but apparently judged by a less rigorous standard." *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 215 (S.D. Ohio 1989) (citing *Johnson v. Burlington-Northern, Inc.*, 480 F. Supp. 259, 260 (W.D. Mo. 1979)); *see also Svete v. Wunderlich*, No. 2:07-cv-156, 2009 U.S. Dist. LEXIS 92846, at *7 (S.D. Ohio Sept.15, 2009) (relying on *Hanning*).  Section 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  A district court considering a motion under § 1404(a) must "evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr.*

2

*Co.*, 134 S. Ct. 568, 581 (2013). This analysis requires consideration of the parties' private interests as well as the public interest in the administration of justice. *Id.* at 581 n. 6; *see also DRFP, LLC v. Republica Bolivariana De Venezuela*, 945 F. Supp. 2d 890, 902 (S.D. Ohio 2013); *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). The moving party bears "the burden of establishing the need for a transfer of venue." *Kay*, 494 F. Supp. 2d at 849=50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 941, 945 (S.D. Ohio 2002)). Ultimately, the decision whether to transfer venue is one that is within the discretion of the trial court. *Id.*

## III.   ANALYSIS

The parties do not dispute that this action could have been brought in the Eastern Division, the proposed transferee division. The parties disagree, however, as to whether the private and public interests weigh in favor of transfer.

### A.   Private Interests

The private interests to be considered, in addition to Plaintiff's choice of forum, include the following:

> "The relative ease of access to sources of proof; availability of compulsory process for attendance of the unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious and inexpensive."

*DRFP, LLC*, 945 F. Supp. 2d at 902 (quoting *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012)) (additional internal quotations omitted).

#### 1.   Plaintiff's choice of forum

Plaintiff contends that her choice of forum should be accorded substantial deference. (Doc. 9, PageId 43). Defendant disagrees, arguing that this factor is entitled to less deference

because Plaintiff did not file in her home forum and this forum has no relevant connection to the matter in dispute. (Doc. 7, PageId 34-35; Doc. 13, PageId 71).

Defendant's argument is well taken. Although "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 413 (6th Cir. 1998). Less deference is given to the Plaintiff's choice if the forum is not her residence. *See Kay*, 494 F. Supp. 2d at 850; *Dayton Superior Corp.*, 288 F.R.D. at 166. In addition, less deference is given to a plaintiff's chosen forum when the cause of action has little connection with the chosen forum. *DRFP, LLC*, 945 F. Supp. 2d at 902-03; *see also Residential Fin. Corp. v. Jacobs*, No. 2:13-cv-1167, 2014 U.S. Dist. LEXIS 42745, at *16 (S.D. Ohio Mar. 25, 2014) ("As this Court has recognized, however, when none of the relevant conduct occurred in the plaintiff's chosen forum, this factor has less weight.").

In the instant case, neither Breech nor Lusher reside in the Southern District of Ohio, Western Division; instead, they are residents of Huntington, West Virginia. When Breech resided in Ohio, her residence was in Gallia County, Ohio, which is in the Eastern Division. The Property that is the subject of this lawsuit also is located in Gallia County, Ohio such that this cause of action has little connection to the Western Division. Therefore, the Court gives less deference to Plaintiff's choice of forum.

### 2. Access to sources of proof and witnesses

Plaintiff argues that the access to the sources of proof—mainly, weather data, photographs/videos of the damage, and Defendant's files—are all equally accessible in the Western Division as in the Eastern Division. (Doc. 9, PageId 43). Plaintiff further contends that the Western Division is more convenient for Defendant's roof damage expert who works with a company based in Louisville, Kentucky. (Id., PageId 43-44).

4

Defendant disagrees that the sources of proof favor the Western Division. (Doc. 7, PageID 35-36; Doc. 13, PageId 71-72). Defendant points out that the Property alleged to have been damaged is located in the Eastern Division, the consequences of Defendant's actions or inactions all occurred in relation to the Property in the Eastern Division, contractors or other fact witnesses who witnessed the alleged damage also are likely to be found in the Eastern Division, and Defendant's expert is located in Charleston, West Virginia, which is closer to the Eastern Division. (Doc. 7, PageID 35-36; Doc. 13, PageId 71-72). Defendant also contends that Finnicum Adjusting Company, a public adjustor retained by Plaintiff, is located near Canton, Ohio, which is closer to the Eastern Division than the Western Division. (Doc. 13, PageId 72).

While the Court agrees that the documents and weather data are equally accessible in either division, Plaintiff has identified no sources of proof that are actually located in the Western Division. The other potential sources of proof that have been identified either are located in the Eastern Division or are located closer to the Eastern Division than the Western Division. Breech and Lusher are located approximately the same distance from the Eastern Division and the Western Division. Accordingly, this factor favors transfer to the Eastern Division.

### 3. Availability of compulsory process for attendance of unwilling witnesses

The parties appear to agree that this factor is neutral.

### 4. Possibility of view of the premises

Plaintiff argues that a view of the Property would not be appropriate in this case because any damage to the Property's roof is documented by photographic and video evidence. (Doc. 9, PageId 44). Defendant disagrees, arguing that it may be necessary for the expert or the jury to view the current condition of the roof. (Doc. 13, PageId 73).

While documentary evidence of the damage to the roof may exist and it may be possible to obtain documentary evidence of the current condition of the roof, that does not conclusively mean that a view of the premises could not occur.  Accordingly, this factor weighs slightly in favor of transfer to the Eastern Division where the Property is located.

### 5.  Other considerations

Plaintiff's argument on this factor repeats some of the arguments set forth above.  (Doc. 9, PageId 44-45).  Plaintiff also points out that her counsel is located in the Western Division. (Doc. 9, PageId 45).

Defendant disagrees that other considerations weigh against transfer.  (Doc. 7, PageId 36-37; Doc. 13, PageId 73).  In addition to the arguments already discussed above, Defendant contends that the case would be more expeditious and inexpensive in the Eastern Division due to the ease of access to some sources of proof in the Eastern Division.  (Doc. 7, PageId 37). Defendant further contends that the forum selected by Plaintiff has a tenuous connection to the parties and the subject matter of this lawsuit and points out that Defendant and Finnicum have selected counsel in the Eastern Division.  (Id.; Doc. 13, PageId 73).

The Court agrees that there is a tenuous connection to the Western Division, as discussed above.  The location of the selected counsel is neutral.  The other considerations weigh in favor of transfer to the Eastern Division.

### B.  Public Factors

The Court also must consider the public interest in determining whether transfer to the Eastern Division is appropriate.  *DFRP, LLC*, 945 F. Supp. 2d at 902.  Public factors may include "'[d]ocket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the

familiarity of the court controlling law.'"  *Id.* (quoting *Dayton Superior*, 288 F.R.D. at 165) (additional internal quotations omitted).

### 1. Docket congestion

The relative congestion of the dockets of the Eastern Division and Western Division is neutral.

### 2. Burden of trial to a jurisdiction with no relation to the cause of action/value of holding trial in a community where the public affected live

As previously explained, Plaintiff has not identified a single source of proof or witness located in the Western Division. Neither Breech nor Lusher currently reside or previously have resided during the relevant timeframe in the Western Division, and a substantial portion of the relevant proof is located in or closer to the Eastern Division, including the Property that is the subject of this lawsuit.  There is no material connection to the Western Division.  Accordingly, these public factors weigh in favor of transfer.

### 3. Familiarity of the Court with controlling law

The Eastern Division is as familiar with the controlling law as the Western Division. Therefore, this factor is neutral.

## III. CONCLUSION

Consistent with the foregoing, the Court concludes that the balance of factors weighs in favor of an intradistrict transfer pursuant to 28 U.S.C. § 1404(b).  Accordingly, Defendant's Motion to Transfer Division (Doc. 7) is hereby **GRANTED** and this case shall be **TRANSFERRED** to the Eastern Division of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT