UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

LOIS BREECH,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY

    Defendant.

Case No. 2:15-cv-2633

Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO FINNICUM'S MOTION TO INTERVENE

### I. The Legal Standard for Intervention.

***Stupak-Thrall v. Glickman***, 226 F.3d 467 (6th Cir., 1999) states:

> Regarding intervention of right, we have interpreted Rule 24(a) as establishing four elements, each of which must be satisfied before intervention as of right will be granted: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997); see Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). "Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied." Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989).

### II. Argument

The first element, timeliness, is not in dispute. The second, third and fourth required

elements, however, are in dispute. Finnicum has failed to establish the second required element, its "substantial legal interest" in this case. Finnicum does not explain how its agreement with Plaintiff to assist in adjusting Plaintiff's claim rises to a "substantial legal interest." Taken to its logical extreme, any person or entity that provides assistance or care to an injured person after an accident would have a "substantial legal interest" in the outcome of any legal action against the responsible party. There would be a flood of parties intervening in every lawsuit filed. Finnicum fails to prove this required element.

Even if it is assumed Finnicum has a "substantial legal interest" in this case, Finnicum fails to establish the third and fourth elements necessary for granting intervention. Regarding the third required element, Finnicum argues, its ability to protect its "substantial legal interest" is impaired because Plaintiff and Finnicum are adversaries as to the interest Finnicum has in Plaintiff's recovery against Liberty Mutual. What is the adversarial relationship? If Plaintiff recovers against Liberty Mutual, and Finnicum's agreement with Plaintiff is within the purview of that recovery, Plaintiff can pay Finnicum what Finnicum is owed. If Plaintiff does not pay Finnicum, Finnicum can pursue a lawsuit against Plaintiff. There is no impairment to Finnicum's ability to protect its alleged "substantial legal interest" and, therefore, Finnicum fails to prove this required element.

Regarding the fourth and final element of proof, Finnicum argues Plaintiff is inadequate to represent Finnicum's "substantial legal interest" in Plaintiff's lawsuit against Liberty Mutual. Finnicum argues something about not being able to "herald the position" of [Finnicum], but never really gets around to explaining why Plaintiff is not adequately representing Finnicum's alleged "substantial legal interest." As stated above, if Plaintiff prevails on its claims against

Liberty Mutual and Finnicum's agreement with Plaintiff is within the purview of that recovery, Plaintiff can pay Finnicum what Finnicum is owed; or, if Plaintiff fails to pay Finnicum, Finnicum can pursue legal action against Plaintiff. Therefore, Finnicum fails to establish Plaintiff is not adequately representing Finnicum's interest in this case.

In summary, other than the first element of proof, timeliness, Finnicum fails to carry its burden of proving the other three necessary elements to allow this Court to grant intervention. Accordingly, Finnicum's Motion to Intervene should be denied.

Respectfully submitted,

/s/ Terrence M. Garrigan
Terrence M. Garrigan (0039272)
**Attorney for Plaintiff**
6680 Tupelo Lane
Cincinnati, Ohio 45243
(513) 241-7406; (513) 651-7260 – fax
tgarrigan@cinci.rr.com

### CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing has been served on all parties via their counsel of record through the Court's ECF system this 1st day of September, 2015. For any counsel not registered to receive filings electronically, a copy of the foregoing will be sent via regular U.S. Mail, postage pre-paid.

/s/ Terrence M. Garrigan
Terrence M. Garrigan (0039272)