UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOIS BREECH,**

      **Plaintiff,**

                          **Civil Action 2:15-cv-2633**
  v.                        **Judge Michael H. Watson**
                          **Magistrate Judge Elizabeth P. Deavers**

**LIBERTY MUTUAL FIRE INSURANCE**
**COMPANY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff Lois Breech brought this action against Defendant Liberty Mutual Insurance Company, asserting breach of contract and bad faith arising from a disputed insurance claim. (ECF No. 4 at 3.)  This matter is before the Court for consideration of non-party Finnicum Adjusting Company's Motion to Intervene (ECF No. 18.) and Plaintiff's Memorandum in Opposition (ECF No. 19).  For the reasons that follow, the Undersigned recommends that Movant's Motion to Intervene be **DENIED**.

**I.**

Movant is a corporation organized under the laws of Ohio with its principal place of business in Ohio.  Plaintiff is a citizen of Ohio.  Defendant is a company organized under the laws of Wisconsin with its principal place of business in Massachusetts.  Plaintiff purchased a homeowner's insurance policy from Defendant. (ECF No. 4 at 1.)  After damage occurred to the structure, Plaintiff pursued a claim under her policy, which resulted in the underlying case now before this Court. (ECF No. 4 at 2.)  Movant entered into a contract with Plaintiff, under which

Movant is apparently entitled to fourteen percent of any proceeds Plaintiff may eventually receive from her disputed claim.  (ECF Nos. 18 at 2 & 18-1 at 3.)

Movant argues that it has a substantial legal interest in any award that Plaintiff might receive in this matter.  (ECF No. 18 at 2.)  According to Movant, it can only protect this interest by intervening and filing a third-party plaintiff.  (*Id.*)  Although styled as a Motion to Intervene, Movant's filing also argues for its joinder as a required party under Rule 19.  (ECF No. 18 at 2.)  Plaintiff opposes intervention and argues that Movant does not have a substantial legal interest in this matter.  (ECF No. 19 at 2.)

## II.

### A. Rule 24(a) Intervention of Right

Movant seeks to intervene as a matter of right.  (ECF No. 18 at 1-2.)  Generally, Federal Rule of Civil Procedure 24, which governs interventions, is "broadly construed in favor of potential intervenors."  *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

Federal Rule of Civil Procedure 24(a) governs intervention of right.  In pertinent part, Rule 24(a) provides as follows:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
>
> \*   \*   \*
>
> (2)    claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  The United States Court of Appeals for the Sixth Circuit has interpreted Rule 24(a)(2) as requiring the movant to establish each of the following four elements:

> (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without

2

intervention; and (4) the existing parties will not adequately represent the applicant's interest.

*See Blount—Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). "[F]ailure to satisfy any one of the elements will defeat intervention under the Rule." *Id.* (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) and *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

The Undersigned finds that Movant has not established that it is entitled to intervene as a matter of right. Timeliness is not disputed, but Movant has not established the remaining three elements. (ECF No. 19 at 1.)

Turning to the second factor, the Undersigned finds that Movant has not articulated a substantial legal interest in this action. The Undersigned is mindful that the Sixth Circuit has endorsed "a 'rather expansive notion of the interest sufficient to invoke intervention of right.'" *Grutter*, 188 F.3d at 398 (quoting *Miller*, 103 F.3d at 1245). Indeed, "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted).

The substantial legal interest required to intervene under Rule 24 must relate "to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The property that is the subject of this action is Plaintiff's insured property; the transaction that is the subject of this action is the contract relationship arising out of the homeowner's insurance policy purchased by Plaintiff from Defendant. (ECF No. 4 at 1-3.) Movant has a substantial legal interest in its agreement with Plaintiff to receive fourteen percent of the proceeds of her claim. (ECF No. 18-1 at 3.) Movant, however, has no substantial legal interest in either the transaction between Plaintiff and Defendant or the insured property.

3

Movant is not a party to the insurance policy.  Under black-letter Ohio law, a contract requires mutual assent and consideration.  "Mutual assent means that both parties to the contract must consent to its terms."  *Fenix Enters., Inc. v. M & M Mort. Corp., Inc.*, 624 F. Supp. 2d 834, 841 (S.D. Ohio 2009).  To be enforceable, each party's duties under the contract must be definite and certain.  *Rayess v. Educ. Comm'n for Foreign Med. Graduates*, 134 Ohio St. 3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, at ¶ 19 (Ohio 2012).  Movant did not assent or agree to anything and has no duties under Plaintiff's insurance policy.  Movant, therefore, is not a party to the insurance policy contract.

Plaintiff did not assign her interest in the insurance policy to Movant.  Under Ohio law, "an insurance policy is a contract between an insured and the insurer."  *Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co.*, 2006-Ohio-6551, ¶ 31, 112 Ohio St. 3d 482, 487, 861 N.E.2d 121, 126 (Ohio 2006.)  Post-loss assignments of rights under an insurance policy, however, are valid in Ohio, even where the underlying policy contains an anti-assignment clause.  *Id.* at ¶ 43, 861 N.E.2d 121.  "An assignment, no matter how informal, may be found when there is intent on the part of the assignor to assign the rights in question, an intent on the part of the assignee to be assigned the rights in question, and valuable consideration exchanged."  *Eberhard Architects, L.L.C. v. Schottenstein, Zox & Dunn Co., L.P.A.*, 2015-Ohio-2519 at ¶ 29, No. 102088 2015 WL 3899367 at *7 (Ohio Ct. App. June 25, 2015) (quoting *Acme Co. v. Saunders & Sons Topsoil*, 2011–Ohio–6423, ¶ 82–83, No. 10 MA 93, WL 6230529 (Ohio Ct. App. Dec. 7, 2011) (Waite, P.J., concurring).  The contract between Movant and Plaintiff does not demonstrate any intent on the part of Plaintiff to assign her rights under the insurance policy.  That the contract calculates the amount of payment in terms of some possible future recovery by Plaintiff does not demonstrate Plaintiff's intent to assign any rights under the policy.  Movant has not provided the

Court with any additional facts or legal arguments that would tend to demonstrate such intent. Accordingly, the Court finds that Movant is not an assignee of any rights under the insurance policy. Movant's substantial legal interest, therefore, is merely a contract right to payment for services enforceable against Plaintiff.

The Undersigned further finds that Movant has not satisfied the impairment prong of Rule 24(a). This element requires Movant to "show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948). The Sixth Circuit has repeatedly described this burden as "minimal." *Id*.; *Grutter*, 188 F.3d at 399; *N.E. Ohio Coal. for the Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006). Here, the outcome of this case will have no effect on Movant's ability to protect its interest. As explained above, Movant's interest sounds in contract as between it and Plaintiff. Movant's interest is enforceable, if at all, against Plaintiff personally. Although the amount of any eventual recovery may affect Plaintiff's ability to pay Movant, it does not affect any legal obligation she may have to pay under the contract. Movant's ability to protect its interest, therefore, is not impaired in the absence of intervention.

Because all four prongs must be met in order to meet Rule 24(a)'s requirements, failure to show either a substantial legal interest or impairment of Movant's ability to protect that interest is fatal to a motion to intervene as of right. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). Accordingly, the Undersigned finds that Movant has not established that it is entitled to intervene as a matter of right.

### B. Rule 24(b) Permissive Intervention

Even if the Court denies intervention as a matter of right under Rule 24(a)(2), it may still grant permissive intervention under Rule 24(b). *See Purnell*, 925 F.2d at 950 (noting that

although a party only moved for intervention as a matter of right, the court could have considered permissive intervention).

      Rule 24(b)(1)(B) provides for permissive intervention as follows:

 (b) Permissive Intervention.

    (1)   In General. On timely motion, the court may permit anyone to intervene who:

*    *    *

    (B)   has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(B).  The decision of whether to grant permissive intervention is a matter within the Court's sound discretion.  *See Blount—Hill*, 636 F.3d at 287 (reviewing permissive intervention determination for abuse of discretion).  Permissive intervention considers timeliness the same as intervention as a matter of right; in addition, "the motion to intervene must establish 'at least one common question of law or fact.'"  *Wellington Res. Grp., LLC v. Beck Energy Corp.*, No. 2:12-CV-00104, 2012 WL 2995181, at *2 (S.D. Ohio July 23, 2012) (quoting *United States v. Michigan,* 424 F.3d 438, 445 (6th Cir. 2005)).  The Court should also balance relevant factors, including "undue delay [and] prejudice to the original parties" *Michagan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997).

      The Undersigned finds that Movant has not satisfied the permissive intervention requirements of Rule 24(b)(1)(b).  Movant has not shown that common questions of law or fact exist between this action and claims it may assert against Plaintiff in its proposed Third-Party Complaint.  (ECF No. 18-1 at 1.)  The questions of law or fact that would be material to Movant's claim arise solely from its contractual relationship with Plaintiff, which, as explained above, is distinct from Plaintiff's contractual relationship with Defendant.  Movant has presented

6

the Court with no additional facts or legal arguments that would show the two claims share common questions of law or fact. The Undersigned, therefore, finds that Movant has not established that it is entitled to permissive intervention under Rule 24(b).

### C. Rule 19 Required Joinder of Parties

Federal Rule of Civil Procedure 19(a) states:

> (a) Persons Required to Be Joined if Feasible
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

A "necessary" party must be joined if feasible—if they are "subject to service of process" and would "not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a). If a court determines that a party is not "necessary" under Rule 19(a), "joinder, as well as further analysis, is unnecessary." *Local 670, et al. v. Int'l Union, et al.*, 822 F.2d 613, 618 (6th Cir. 1987). The burden is on the moving party to establish that a party is necessary for purposes of Rule 19(a). *Marshall v. Navistar Intern. Transp. Corp.*, 168 F.R.D. 606, 611 (E.D. Mich.1996). "The moving party may satisfy this burden through the production of affidavits or other relevant extra-pleading evidence." *Lewis v. Ceralvo Holdings, LLC*, No. 4:11–CV–55–JHM, 2012 WL 32607

7

at *8 (W.D. Ky. Jan. 6, 2012) (citing *Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)). *See* 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2013) ("To discharge this burden, it may be necessary to present affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence").

The Undersigned finds that Movant has not met its burden here. Movant's Rule 19 analysis consists of legal conclusions unsupported by facts or legal argument. (ECF No. 18 at 2.) Movant asserts that it is a necessary party without providing an explanation of why it is, in fact, a necessary party. Movant's Rule 19 analysis consists entirely of the conclusory argument that "[i]t is axiomatic that under . . . [Rule] 19 the Movant and its claim must be allowed to intervene and to deny such an intervention would deprive the Movant of the ability to protect its interest." (*Id*.) Movant directs the Court to its contract with Plaintiff, presumably to imply that it supports Movant's argument, and nothing more. (*Id*.) Movant neither cites case law nor presents facts that would support the Court making such an inference. Moreover, the Undersigned finds that no facts support a conclusion that Movant is a required party. Accordingly, the Undersigned finds that Movant has not established that it is entitled to joinder as required party under Rule 19.

## D. Movant's Third-Party Complaint

Movant seeks to assert what it calls a Third-Party Complaint. The Complaint is more properly construed, however, as a potential Rule 13(g) crossclaim against a coparty. Fed. R. Civ. P. 13(g). Movant seeks to assert its third-party claim against Plaintiff. If joined as an intervenor or required party its interests more properly align as a co-Plaintiff rather than co-Defendant because Movant seeks a portion of whatever recovery Plaintiff receives against Defendant in this case. If Plaintiff recovers nothing from Defendant, Movant would likewise recover nothing in

the underlying matter. The Court, pursuant to its "responsibility to ensure that the parties are properly aligned according to their interests in the litigation," therefore, must, upon intervention or joinder, align Movant as a Plaintiff in the underlying matter. *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941)).

In its Third-Party Complaint, Movant seeks damages for breach of contract against Plaintiff arising out of an alleged failure to pay Movant for proceeds already recovered. (ECF No. 18-1 at 2.) Even assuming, *arguendo*, that Movant may intervene in this matter under Rule 24 or be joined as a required party under Rule 19, in order to entertain Movant's Complaint, the Court must still determine whether it has supplemental jurisdiction over Movant's third-party claims under 28 U.S.C. § 1367(a). Section 1367(a)'s jurisdictional requirements are much higher than Rule 24(b)'s "common question of law or fact" threshold. Section 1367(a) provides in pertinent part that "the district courts shall have supplemental jurisdiction over all other claims that are *so related* to claims in the action within such original jurisdiction *that they form part of the same case or controversy*." 28 U.S.C. § 1367(a) (emphasis added). Furthermore, § 1367(b) provides that "the district courts shall not have supplemental jurisdiction under subsection (a) over claims . . . by persons proposed to be joined as plaintiffs under Rule 19 . . . or seeking to intervene as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). Original "diversity" jurisdiction under 28 U.S.C. § 1332 exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a)(1).

The first step in this inquiry is to determine whether Movant's third-party claim is "so related to the claims in the action . . . that they form part of the same case or controversy." As explained above, the Undersigned finds that Movant's claim for breach of contract against Plaintiff is not related to Plaintiff's breach of contract claim against Defendant apart from the fact that Plaintiff entered into contracts with both Movant and Defendant. Even if Movant's claim and Plaintiff's claim were so related that they form part of the same case or controversy, however, this Court could still not properly exercise supplemental jurisdiction in this matter.

As explained above, the Court must, upon joinder or intervention, align Movant as a co-Plaintiff in this case. For purposes of determining whether supplemental jurisdiction is available, Movant would then be "joined as plaintiff[ ] under Rule 19 . . . or seeking to intervene as plaintiff[ ] under Rule 24." 28 U.S.C. § 1367(b). Both Movant and Plaintiff are citizens of the state of Ohio, and Movant's claim is less than $75,000. (ECF Nos. 1 at 2 & 18-1 at 1-2.) Exercising supplemental jurisdiction over Movant's third-party claim, then, "would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). The Undersigned finds, therefore, that this Court cannot exercise supplemental jurisdiction over the claims in Movant's Third-Party Complaint.

## III.

For the reasons explained above, the Undersigned recommends that Movant's Motion to Intervene be **DENIED**. (ECF No. 18.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: November 9, 2015                                   /s/ *Elizabeth A. Preston Deavers*
                                                         ELIZABETH A. PRESTON DEAVERS
                                                         UNITED STATES MAGISTRATE JUDGE