IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LOIS BREECH | : | Case No: 2:15-cv-2633 |
| | : | |
| Plaintiff | | Judge Michael H. Watson |
| v. | | Magistrate Judge Elizabeth P. Deavers |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | | |
| Defendant | | |

MEMORANDUM IN SUPPORT OF MAGISTRATE'S REPORT AND
RECOMMENDATIONS DOCUMENT NO. 23.

Comes now the Plaintiff, through counsel, and respectfully requests the court over rule the Objections to the Magistrate's Decision, Document No. 24 and enter an order affirming the Magistrate's Report and Recommendations, Document No. 23.

As a point of clarification, Ms. Breech disputes all claim determinations and amounts in its case with Liberty Mutual, as such Finnicum's statements that there are undisputed amounts is false.

As stated in the Magistrate's Report and the Objections, the movant, Finnicum, must demonstrate 1) the application is timely filed; 2) it possesses a substantial legal interest in the case; 3) its ability to protect its interest will be impaired without intervention and; 4) the existing parties will not adequately represent its interest."[F]ailure to satisfy any one of the elements will defeat intervention under the Rule." *Blount—Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)), (citing *United States v.*

*Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) and *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Finnicum argues it has a substantial interest because it was assigned a percentage of the claim proceeds. As the Magistrate's Report points out, the alleged contract between Ms. Breech and Finnicum is not an assignment and does not discuss assignment of the claim proceeds. Therefore Finnicum's argument is illusiory and it has no interest in the claim proceeds. If anything, all Finnicum would have under the alleged contract with Ms. Breech would be a payment after the claim amount is determined but would have no direct interest in the proceeds. Additionally, the case between Ms. Breech and Liberty Mutual concerns disputed insurance claims and damages, of which Finnicum is not a party to the insurance contract.

For the third element whether Finnicum's ability to protect its interest would be impaired, Finnicum must first establish that it has an interest to protect. Until a determination is made as to the claims and any amounts for damages, Finnicum does not have an interest or standing in this case or under the alleged contract with Ms. Breech. As Finnicum points out in its arguments it will have the option to pursue this matter in court but only once a claim determination and amount is awarded, until such time. Finnicum has no claims.

As to the Fourth element, Finnicum argues Liberty will be liable to Finnicum for payment of the claim but Finnicum and Liberty are not in privity under the insurance contract and there was no assignment of proceeds under the alleged contract with Ms. Breech.

Therefore, based on the foregoing, Finnicum lacks nearly all of the elements required to intervene in this case. Further, if the court determined such intervention was proper, the court would have to relinquish jurisdiction and remand the matter to state court. As such, Plaintiff

respectfully requests the court over rule the objections and enter an order upholding the

Magistrate's Report and Recommendations.

                                      Respectfully submitted,

                                      s/ Jeremiah Seebohm
                                      Jeremiah R. Seebohm (OH- 0086902)
                                      10421 Radabaugh Dr.
                                      Cincinnati, Ohio 45242
                                      (513) 415-7739
                                      jseebohm@gmail.com
                                      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 30th day of November, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      s/ Jeremiah Seebohm
                                      Jeremiah R. Seebohm (OH- 0086902)
                                      Attorney for Plaintiff